The opinion of the Court was drawn up by
Rice, J.
Assumpsit for twenty-five days labor. The writ contains three general counts, all for the same cause of action. The defendants, in their specifications, set out the grounds of defence as follows :—
1st. That the plaintiff worked for the defendants on trial the time for which pay is claimed in his writ, and the defendants, for that time, were to pay him what they chose, and no more.
*73 2d. That the defendants have paid the plaintiff for his work all and more than his services were worth.
3d. That the plaintiff agreed to work for the defendants a month on trial, and, if the defendants after that, would pay him a dollar a day, he agreed to work for them till winter; that the defendants,‘ after a trial, were willing and offered to pay him one dollar a day for the said time, yet the plaintiff, without just cause, left the defendants’ employ, and the defendants were greatly damaged thereby, much more than all plaintiff’s services were worth.
When these specifications were read, the Court remarked that, as the defendants did not deny the performance of the labor, as alleged, the plaintiff need not offer any proof, the work sued for being admitted. And thereupon the defendants, without objection, immediately proceeded to the defence. Exception is now taken to this remark of the presiding Judge.
It will be observed that the specifications not only do not deny, but distinctly admit that the labor for which the plaintiff claims to recover, was performed. The defence rests upon several affirmative propositions, such as special contract, payment and damage to defendants, by violation of contract by plaintiff. The burden of proof, to establish these matters in defence, was upon the defendants, upon the plainest principle of pleading. The plaintiff was not bound to negative them in advance, by proof.
Without proof on the part of the defendants, the plaintiff was entitled to recover something. On the question of damages there was nothing said by the Court. It is obvious that the matter in controversy was the right to maintain the action, and the remark of the Judge was directed to that point. No error is perceived in the remark of the Judge. If the defendants had desired specific instructions on the question of damages, they should have asked for them.
The testimony on the question of the terms, on which the plaintiff1 was employed by defendants, was conflicting. The jury found for the plaintiff, and there is no such preponder *74 anee of evidence in favor of the defendants as will authorize this Court to decide that their verdict was the result of improper influence, or is in fact erroneous.
Motion and exceptions overruled, and Judgment on the verdict.
Tenney, C. J,, Cutting, Goodenow, Kent and 'Walt ton, JJ., concurred.